UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY STEED,
SONIA MEISSNER,

        Petitioners,               Case No. 1:13-cv-845

v.                                         Honorable Gordon J. Quist

MARY BERGHUIS,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner and another individual under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

### Factual Allegations

Petitioner Larry Steed is incarcerated with the Michigan Department of Corrections (MDOC) at the Earnest C. Brooks Correctional Facility (LRF). According to his profile on the

MDOC's Offender Tracking Information System, Petitioner Steed is serving several sentences, the longest of which is a life sentence issued in 1986 for conspiracy to deliver or manufacture 650 grams or more of a narcotic drug or cocaine, Mich. Comp. Laws § 333.7401(2)(a)(i).[1]  Petitioner Sonia Meissner is a "[m]ember of the [p]ublic" residing in Holt, Michigan.  (*See* docket #1, Page ID##1-2.)  Respondent Mary Berghuis is the warden of LRF.

Petitioners initiated this action on July 30, 2013, by filing a document titled, "NOTICE OF INTENT TO FILE HABEAS CORPUS PETITION CHALLENGING THE DECISION OF THE RESPONDENTS IN FOIA REQUEST NO. 13-495." (Docket #1.)  Thereafter, Petitioner Steed filed another "notice of intent," indicating that Petitioners intended to file a brief in support of the petition, and asking the Court not to render a final decision on the petition until the brief was filed (docket #5).  On September 4, 2013, the Court ordered Petitioners to file their petition and supporting brief within fifteen days (docket #6).  Petitioner Steed then filed a document with the following title:

> PETITIONER[']S BRIEF IN SUPPORT OF COMPLAINT FOR WRIT OF HABEAS CORPUS TESTING THE RULING OF THE RESPONDENTS IN ITS DECISION TO DENY FREEDOM OF INFORMATION ACT REQUEST NO.13-495 & REQUEST FOR ORDER REQUIRING A RESPONSIVE PLEADING ON CLAIMS PRESENTED WITHIN THIS BRIEF IN SUPPORT OF HABEAS CORPUS PETITION[] UNDER [28] U.S.C. [§ ]2254 & REQUEST FOR RESPONSIVE PLEADING PRIOR TO ENTERING A FINAL DECISION ON THE HABEAS CORPUS JUDGMENT.

(Pet'r's Br., docket #7, Page ID#12.)  Petitioners did not file a separate "complaint" or petition, so the Court construes Petitioner Steed's brief as the operative pleading in this action.

In his brief, Petitioner Steed contends that in April 2013, he and Meissner filed a Freedom of Information Act (FOIA) request with the MDOC, requesting all files pertaining to Steed.

---

[1] *See* http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=170747.

In May 2013, Petitioners received a response indicating that the cost of fulfilling the request would be over $228,000, and that Petitioners needed to submit a deposit of approximately $114,000 before the request would be processed. Petitioner Steed claims that the FOIA response was improper and deprived him of due process of law.

Petitioner Steed further contends that his MDOC file includes documents "that are contrary to the laws of the United States of America," and that the Michigan Parole Board uses these documents to make decisions that affect Petitioner's "programming, classification, housing management, security level placements, parole eligibility processes, parole commutation applications, parole lifer review applications, and executive clemency consideration," thereby violating Petitioner's constitutional right to due process. (Pet'r's Br. docket #7, Page ID#15.)

As relief, Petitioner seeks an order requiring Respondent to answer the following question:

> [D]ID THE RESPONDENT[] CREATE A PROTECTED LIBERTY INTEREST BY PROVIDING FALSE[] AND MISLEADING REASONS TO THE PETITIONER[']S AND COURT IN ITS MAY 13, 2013 RESPONSE TO THE F.O.I.A. REQUEST AS THAT . . . DENIAL WAS NOT BASED ON A LAWFULLY VALID RESPONSE REQUIRING THIS COURT TO ORDER A RESPONSIVE PLEADING TO THE PRODUCTION OF DOCUMENTS AS THAT . . . DENIAL HAS VIOLATED THE MANDATED PUBLIC ACT REQUIREMENTS AND DEPRIVED PETITIONER OF HIS 14TH AMENDMENT RIGHT TO DUE PROCESS OF LAW?

(*Id.* at Page ID#18.) Petitioner also requests that the Court require Respondent to answer a series of questions before the Court issues a final decision in the matter (docket #8). Because the petition is clearly without merit, however, it will be dismissed.

## Discussion

Petitioners' action is patently frivolous. They purport to seek relief under 28 U.S.C. § 2254, but that statute permits an application for a writ of habeas corpus by a person "*in custody*

in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). "[T]he traditional function of the writ is to secure release from illegal custody," *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973), but Petitioners do not seek release from custody. Instead, they challenge the response to their FOIA request, and they seek review of that response. Indeed, it appears that Petitioner Meissner is not in custody, in which case § 2254 does not apply to her. Moreover, though Petitioner Steed is "in custody" within the meaning of § 2254, success on his FOIA-related claim would have no impact on his custody. Consequently, Petitioners' claim that they were deprived of due process in connection their FOIA request is outside the scope of federal habeas corpus review.

Petitioner Steed also contends that the parole board denied him due process of law in connection with decisions concerning his "programming, classification, housing management, security level placements, parole eligibility processes, parole commutation applications, parole lifer review applications, and executive clemency consideration." (*See* Pet'r's Br. docket #7, Page ID#15.) To the extent Petitioner asserts a separate due process claim regarding the parole board's actions, his claim is without merit. To establish a procedural due process violation, a petitioner must show that (1) he was deprived of a protected liberty or property interest, and (2) such deprivation occurred without the requisite due process of law. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 296 (6th Cir. 2006); *see also Swihart v. Wilkinson,* 209 F. App'x 456, 458 (6th Cir. 2006). Petitioner fails to raise a claim of constitutional magnitude because he does not have a cognizable liberty interest in classification, housing, security level placement, access to prison programming, or in early release from confinement via parole, commutation, or executive clemency.

The Supreme Court repeatedly has held that a prisoner has no constitutional right to be incarcerated in a particular facility, to be assigned a specific security classification, or to

participate in prison programming. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) (no right to remain at a particular prison); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (Due Process Clause not implicated by prisoner classification and eligibility for rehabilitative programs); *Meachum v. Fano*, 427 U.S. 215, 228-29 (1976) (no right to remain at a particular prison); *see also Harris v. Truesdell*, 79 F. App'x 756, 759 (6th Cir. 2003) (no constitutional right to be held in a particular prison or security classification); *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003) (same); *O'Quinn v. Brown*, No. 92-2183, 1993 WL 80292, at *1 (6th Cir. Mar. 22, 1993) (no right to a particular security level or place of confinement). Moreover, even if Petitioner Steed did have a constitutional right to any of the foregoing, a deprivation of those rights would not give rise to a claim for habeas corpus relief. Habeas corpus is not available to prisoners who are complaining only about the conditions of their confinement or mistreatment during their legal incarceration. *See Martin v. Overton,* 391 F.3d 710, 714 (6th Cir. 2004); *Lutz v. Hemingway,* 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007). Complaints concerning such conditions "do not relate to the legality of the petitioner's confinement, nor do they relate to the legal sufficiency of the criminal court proceedings which resulted in the incarceration of the petitioner." *Lutz,* 476 F. Supp. 2d at 718 (quoting *Maddux v. Rose,* 483 F. Supp. 661, 672 (E.D. Tenn. 1980)). Thus, such claims "fall outside of the cognizable core of habeas corpus relief." *Hodges v. Bell*, 170 F. App'x 389, 393 (6th Cir. 2006).

In addition, there is no constitutional or inherent right to be released before the expiration of a prison sentence. Although a state may establish a system for early release on parole, it has no duty to do so; thus, the presence of a parole system by itself does not give rise to a constitutionally protected liberty interest in parole release. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7, 11 (1979); *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan authorities to deny parole," held that the Michigan system does not create a liberty interest in parole. *Id.* at 1164-65; *see also Crump v. Lafler*, 657 F.3d 393, 404 (6th Cir. 2011) (holding that the adoption of specific parole guidelines since *Sweeton* does not lead to the conclusion that parole release is mandated upon reaching a high probability of parole); *Carnes v. Engler*, 76 F. App'x 79, 80 (6th Cir. 2003). In addition, the Sixth Circuit has rejected the argument that due process is implicated when changes to parole procedures and practices have resulted in incarcerations that exceed the subjective expectation of the sentencing judge. *See Foster v. Booker*, 595 F.3d 353, 369 (6th Cir. 2010). Finally, the Michigan Supreme Court has recognized that there exists no liberty interest in parole under the Michigan system. *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999).

Furthermore, an inmate has no constitutional or inherent right to early release through executive clemency or commutation. *Ohio Adult Parol Auth. v. Woodard*, 523 U.S. 272, 280 (1998); *Conn. Bd. of Pardons v. Dumschat*, 452 U.S. 458, 464 (1981). Moreover, because the Governor of Michigan has broad discretionary power to commute sentences, Michigan prisoners do not have a state-created liberty interest in commutation. *Manning v. Unknown Parties*, 56 F. App'x 710, 711 (6th Cir. 2003); *Moran v. McGinnis*, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *Vertin v. Gabry*, No. 94–2267, 1995 WL 613692, at *1 (6th Cir. Oct. 18, 1995). In the absence of a protected liberty interest, Petitioner Steed cannot raise a due process claim.

In summary, Petitioners' challenge to a state agency's response to their FOIA request is outside the scope of federal habeas review, and Petitioner Steed's claim that the parole board violated his right to due process is meritless on its face.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioners' application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioners have demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioners' action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioners' claims under the *Slack* standard. Under *Slack*, 529 U.S. at

484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioners' claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated: November 14, 2013                  /s/ Gordon J. Quist
                                                        GORDON J. QUIST
                                          UNITED STATES DISTRICT JUDGE